UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

BIANA VAYNGURT on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-

PROFESSIONAL CLAIMS BUREAU, INC.

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Biana Vayngurt, brings this action against Professional Claims Bureau, Inc. ("herein after referred to as "PCB") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Garden City, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Biana Vayngurt

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 11, 2017, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a defaulted consumer debt.

12. The said August 11, 2017 letter was Defendant's initial communication with the Plaintiff.

13. The said letter was sent to the Plaintiff by PCB, yet it had the appearance that it was in fact, sent by the hospital itself, as the heading, boldly stated "**MOUNT SINAI BETH ISRAEL HOSPITAL**".

14. Below that, in substantially smaller font, was stated the name of the Defendant.

15. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a).

16. It is not enough to provide the information required by § 1692g of the FDCPA; rather,

that information must be effectively conveyed.[1]

17. At no point in the said August 11, 2017 letter/invoice from PCB did the Defendant identify the creditor to whom the debt is owed.

18. The Defendant's letter was supposed to identify "**MOUNT SINAI BETH ISRAEL HOSPITAL**" either as the "original creditor," "current creditor," or "the creditor to whom the debt is owed."

19. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

20. The Defendant, by placing the name of the creditor in bold letters, above the name of the Defendant, further confuses the consumer as to who the collection letter originated from.

21. An unsophisticated consumer is left in the dark as to whether or not "**MOUNT SINAI BETH ISRAEL HOSPITAL**" is in fact the creditor to whom the alleged debt is owed.[2]

---

[1] Dix v. Nat'l Credit Sys., Inc., No. 2:16-cv-3257-HRH, 2017 BL 386598 (D. Ariz. Oct. 27, 2017) (Similarly here, it is not sufficient that defendant listed [the creditor] in the "re" line. While defendant is correct that the FDCPA does not require it to use "magic words", it does require it to effectively convey to the debtor the name of the current creditor, which defendant failed to do.); Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12-cv-00916 NC, [2012 BL 421151], 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2) ); Datiz v. Int'l Recovery Assocs., No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016) (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.); McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b)., Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

[2] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015) (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.); Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015) ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."); Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006) ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the

22. An unsophisticated consumer is left confused as to who the creditor is in this case.[3]

23. Defendant failed to effectively state "the name of the creditor to whom the debt is owed."

24. Therefore, Defendant's form collection letter violates §§ 1692g and 1692g(2) of the FDCPA.

25. An unsophisticated consumer would likely be deceived by Defendant's conduct.

26. Said letter is also deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

27. Said August 11, 2017 letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

28. Said letter misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

29. The said letter was completely devoid of the litany of warnings and notices required by 15 U.S.C. §§ 1692g and 1692e(11).

30. The said letter fails to, inter alia, adequately advise the Plaintiff of her rights, because the thirty (30) day validation notice required by 15 U.S.C. §1692(g) was not placed anywhere in the demand for payment of the alleged debt.

---

fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."); Amina v. WMC Mortgage Corp., No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011) ("[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor.")

[3] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."); Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012); Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

31. The language in the aforementioned letter violates 15 U.S.C. § 1692(g), because it contradicts the requirement that the Plaintiff be advised of and given a thirty (30) day period in which to dispute the bill.

32. The Defendant failed to give Plaintiff notice of her rights as mandated by 15 U.S.C. §§ 1692g and 1692e(11) within five (5) days of Defendant's said initial communication to the Plaintiff.

33. Had the Plaintiff been given notice of her rights pursuant to 15 U.S.C. § 1692g, she would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

34. Upon information and belief, other persons hold the same or similar claims against the Defendant, for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. §1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiff from the Defendant in the collection of consumer debts within the State of New York.

35. Section 1692g of the FDCPA provides:

a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. The least sophisticated consumer would assume from the said letter, that he has no option to dispute his debt or obtain verification of the debt.

37. Said letter is false, deceptive and misleading.

38. Defendant's August 11, 2017 letter violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt, misrepresenting Plaintiff's right to obtain verification of the debt, and for false and deceptive actions.

39. The August 11, 2017 letter was furthermore confusing as it was addressed to "Ryan Vayngurt" when the patient's name was in fact, Ryan Moshes and his mother's name is <u>Biana</u> Vayngurt.

40. There is no known individual with the name of Ryan Vayngurt, yet the Defendant addressed the letter to such an individual.

41. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

42. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45. Defendant used materially false, deceptive, misleading representations and means in its

attempted collection of Plaintiff's alleged debt.

46. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

48. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

50. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. The identities of all class members are readily ascertainable from the records PCB and those business and governmental entities on whose behalf it attempts to collect debts.

52. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of PCB, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

54. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

    over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)  **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)  **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual

    members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

57. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

60. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

61. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through sixty (60) herein with the same force and effect is if the same were set forth at length herein.

62. This cause of action is brought on behalf of Plaintiff and the members of two classes.

63. The first class consists of all persons whom Defendant's records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about August 11, 2017; and (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

64. The second class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about August 11, 2017; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the Defendant 15 U.S.C. §§ 1692e, 1692g(a)(3), 1692g(a)(4), 1692g(a)(5) and 1692g(b) for engaging in false and deceptive means, for failing to comply with the validation notice requirements, and in particular, for failing to give Plaintiff notice of her rights within five (5) days of its initial communication.

**Violations of the Fair Debt Collection Practices Act**

65. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

66. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
January 31, 2018

   /s/ Maxim Maximov   
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Maxim Maximov   
Maxim Maximov, Esq.